## Edna Alline Johnson and Herschel Saunders v. The State.

No. 15638.   Delivered February 15, 1933.
Appeal Reinstated April 12, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 236.

The opinion states the case.

*Frank Samples,* of Ft. Worth, for appellant.

*Cecil C. Rotsch* and *Stanley Bransford,* Asst. Crim. Dist. Attys., both of Ft. Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellants were jointly tried and

convicted of fornication. The punishment of appellant, Edna Alline Johnson, was assessed at a fine of fifty dollars and that of appellant, Herschel Saunders at a fine of one hundred dollars.

It is recited in the recognizance that appellants have been convicted of the offense of adultery and fornication. It appears from the record that appellants were convicted of fornication. Hence the designation of the offense in the recognizance is incorrect.

Appellants entered into a joint recognizance. A joint recognizance on appeal will not confer jurisdiction on this court. Our decisions are to the effect that each appellant must give a separate recognizance. Jackson et al. v. State, 21 S. W. (2d) 298, and authorities cited.

Appellants are granted fifteen days from this date in which to perfect their appeal.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE. — The defective recognizance for which the appeal was dismissed having been cured, the appeal is reinstated, and the case now considered on its merits.

The facts show without contradiction that the appellants lived together and had sexual intercourse with each other while so living.

There are three bills of exception. The first was taken to the refusal of appellant's motion for an instructed verdict. We think this correctly overruled. The written statement of appellant Johnson was admissible. She was on trial. There was no objection made to same as against appellant Saunders. At the time this confession was made, there was no claim that the parties were lawfully married. Even if her testimony be considered as that of an accomplice as to appellant Saunders, we find ample testimony in the record corroborating her statement.

The second bill of exception was taken to the overruling of the motion for new trial, which is set out in full in the bill of exception making such complaint. Such a bill of exception brings nothing before us for review. The third bill of exception is to the admission in evidence of the free and voluntary confession or written statement of appellant Johnson. Both parties

being on trial at the same time, it needs no argument to demonstrate the fact that the confession was admissible. Nothing in said bill of exception presents any complaint on the part of appellant Saunders that it was to be considered alone against the woman.

Finding no error in the record, the judgment as to each appellant will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has attached to his motion for rehearing, as a part of the argument, he says, a memoranda of exceptions taken during the trial. This court can not consider these things, but must be controlled by the bills of exception found in the transcript.

Of course, the confession of Mrs. Johnson was admissible against her, she being on trial. It was not admissible against Saunders, and upon proper request doubtless the court would have so told the jury at the time it was admitted. If a request for an instruction to that effect had been presented and denied, error would have been committed against Saunders. No such request was made.

A motion for an instructed verdict as to both defendants on account of the claimed insufficiency of the evidence was presented and properly refused. If the confession of Mrs. Johnson was entirely eliminated from the record, there would, in our opinion, still remain abundant evidence to show the guilt of both her and Saunders.

The motion for rehearing is overruled.